# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLORADO

| | |
|---|---|
| **MOSES RANDOLPH**, | ) |
| | ) |
| Plaintiff | ) **Case No.:** |
| | ) |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| **ALLY FINANCIAL SERVICES,** | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| Defendant | ) |
| | ) |

## **COMPLAINT**

MOSES RANDOLPH ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLY FINANCIAL SERVICES ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Colorado, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Aurora, Colorado 80013.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a business entity with an office located at 500 Woodward Ave. Detroit, MI 48226.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone that he has had for over one (1) year.

11. Plaintiff has only used this telephone as a cellular telephone.

12. Beginning in or around July 2015, Defendant began placing repeated harassing telephone calls to Plaintiff's cellular telephone.

13. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew that Defendant was using an automated telephone dialing system and/or pre-recorded voice as there was often a long delay before a live representative came on the telephone and/or a recording played bfore a live representative came on the telephone.

15. Upon the initiation of calls in July 2015, Plaintiff told Defendant to stop calling his cellular telephone, thereby revoking any consent that Defendant may have thought it had in placing calls to Plaintiff.

16. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making additional calls, nor was there any good faith reason to place further calls.

17. Despite Plaintiff's clear instruction to stop calling, Defendant ignored Plaintiff's request and continued to call him through July 2017.

18. Defendant's calls were not placed for "emergency purposes."

19. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

# COUNT I
# DEFENDANT VIOLATED THE TCPA

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes, but rather to attempt to collect a student loan debt.

23. Defendant's calls to Plaintiff, on and after he revoked consent in July 2015, were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MOSES RANDOLPH, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MOSES RANDOLPH, demands a jury trial in this case.

Respectfully submitted,

Dated: October 20, 2017    By: /s/ Amy L. Bennecoff Ginsburg, Esq.
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com